Robert N. Meltzer
*Attorney At Law*

33 Bradford Street
Concord, MA 01742
(978) 254-6289
robmeltzer@aol.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAITLIN CORRIGAN )<br><br>　　Plaintiff )<br><br>v. )<br><br>BOSTON UNIVERSITY )<br><br>　　Defendant ) | CIVIL ACTION NO:_____ |

COMPLAINT
(For Declaratory and Injunctive Relief and Damages)

INTRODUCTION

This action invokes three disparate strands of law, which collectively deprived Plaintiff of her rights and privileges and immunities guaranteed to her under federal law, specifically in denying Plaintiff the ability to engage in educational activities under the Americans with Disabilities Act 42 U.S.C. § 12101 et seq. This lawsuit alleges specifically that the policies of Boston University of imposing a testing protocol that did not provide for accommodation denied Plaintiff the ability to engage in "a major life activity," which includes but is not limited to "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, sitting, reaching, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, writing, communication, interacting with others, and working…" or combinations of the above. Finally, Plaintiff contends that Boston University further violated the Americans with Disabilities Act by failing to provide a transparent and comprehensive appeals process and failing to provide an interactive good faith process leading to reasonable accommodation, which generated more confusion than clarity. As part of this deficiency, the identity of the "bad actors"



Robert N. Meltzer
*Attorney At Law*

33 Bradford Street
Concord, MA 01742
(978) 254-6289
robmeltzer@aol.com

responsible for these violations has been concealed. When the term "Boston University" is used herein, it includes specific employees Provost Daniel Lee Kleinman, Dean Kenneth Elmore, Lorre Wolf, President Robert Brown, and Professor Jean Morrison as the likely violators. Plaintiff intends to amend this Complaint once the first round of discovery clarifies the particular individual or individuals who should be named as specific defendants from this list or the broader Boston University community.

Plaintiff Caitlin Corrigan is a student at Boston University, admitted through a competitive process, and is qualified to attend school at the University. Because she has a disability, however, the University has placed an insurmountable obstacle preventing her from participating in her studies. All students at Boston University are required to be tested regularly to exposure to SARS-CoV-2 ("Covid testing"), the virus associated with Covid-19 but are offered only one protocol for this testing requirement, despite the widespread availability of alternative methods of Covid testing. Plaintiff has a documented, disabling medical condition. Although this disabling condition does not affect her ability to pursue her degree at Boston University, her doctors have advised her that she will likely experience significant harm if she submits to the single University-approved Covid testing regimen. For the purposes of this Complaint, Plaintiff specifically denies that Boston University had any defined right to impose restrictions on Plaintiff as the testing scheme was not based on any extant justification as a matter of law or fact that compels a student to undergo an invasive medical procedure as a condition of participation of an academic program at Boston University. Plaintiff also denies that Boston University has a legal right to impose invasive medical procedures on a student which exceeds or conflicts with regulations propounded by the Department of Public Health relating to SARS-CoV-2.



The Mountain States Law Group®
COLORADO • MASSACHUSETTS • UTAH
IDAHO • WYOMING • WISCONSIN
info@mountainstateslawgroup.com

Robert N. Meltzer
*Attorney At Law*

33 Bradford Street
Concord, MA 01742
(978) 254-6289
robmeltzer@aol.com

Boston University, an educational institution located along Commonwealth Avenue in Boston, has enshrined its obligations under the Americans with Disabilities Act in its Notice of Non-discrimination, which states that "Boston University policy prohibits discrimination against any individual on the basis of....physical disability..." The University has direct knowledge of Plaintiff's disability, and her request for an alternative Covid testing procedure as a reasonable accommodation for her disability, but the University has instead opted to discriminate against her by denying her any accommodation for her disability. Plaintiff has agreed to be regularly tested, but is unwilling to sacrifice her health and well-being by submitting to the particular Covid testing method mandated by the University that she believes will cause her serious and permanent physical harm.

Since its inception in 1991, the Americans with Disabilities Act, through its statement of purpose and definitions, broadly construed, has impliedly anticipated two distinct and separate forms of disability—those that are de jure, meaning permanent conditions, and those that are de facto, meaning those that are temporary, but not transient, as defined as being of less than 6 months in duration under Section 12102 and the Act's "purposes; under Section 12101(b), which includes under (b)(1) the notion that the Act is "to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." Left unsaid, or at least undefined, is that no one may create a disability, and then discriminate based upon that artificial disability. As the academic hypothetical renders the distinction, de jure discrimination occurs when an actor places a stumbling block before the blind, thereby requiring that actor to remove the block as a matter of law. De facto discrimination occurs when the actor places a stumbling block before the sighted and then turns off the lights. Under both scenarios, the actor is mandated by the Americans with Disabilities Act to prevent discrimination on the basis of the

3


The Mountain States Law Group
COLORADO • MASSACHUSETTS • UTAH
IDAHO • WYOMING • WISCONSIN
info@mountainstateslawgroup.com

Robert N. Meltzer
*Attorney At Law*

33 Bradford Street
Concord, MA 01742
(978) 254-6289
robmeltzer@aol.com

block (which creates the instrumentality of harm), whether or not the party impacted is disabled by law or disabled by the actions of the actor in interjecting an instrumentality that renders a person unable to engage in a major life activity.

Until the onset of the alleged SARS-CoV-2/COVID-19 pandemic of 2020 ("the Alleged Epidemic"), it has been difficult to imagine a case of de facto disability and de facto discrimination, as the notion of an actor intentionally creating disability, and then intentionally discriminating upon the basis of its own act, is so contrary to American law and constitutional protections that it has remained a hypothetical question of response and remedy.

This case presents the legal and factual situation in which Boston University, one of the birthplaces of civil rights, has now made itself the epicenter and epitome of discrimination. Boston University, acting under its alleged superintendency power, established a testing regimen for its students that mandates not just a testing regime for SARS-CoV-2/COVID-19, but mandates a specific anterior nares PCR testing protocol which is dangerous to Plaintiff. Boston University simply refuses to permit a safe alternative.

Plaintiff in this case holds a prestigious Fellowship scholarship to attend Boston University's School of Theology, the same school attended by Dr. Martin Luther King, Jr. It is worth noting that Dr. King attended the School of Theology because Boston University's respect for civil rights and non-discrimination was once a hallmark of Boston University.

Plaintiff notified Boston University that, having engaged in a consultation with her medical provider, she should be medically exempt not from the testing regime, but from the dictated particular test, of which there are many options and alternatives. Rather than comply with the legal obligation of a good faith interactive process, Boston University simply disputed the findings of multiple treating physicians. Instead of simply working with Plaintiff to find a


The Mountain States Law Group®
COLORADO • MASSACHUSETTS • UTAH
IDAHO • WYOMING • WISCONSIN
info@mountainstateslawgroup.com

**Robert N. Meltzer**
*Attorney At Law*

33 Bradford Street
Concord, MA 01742
(978) 254-6289
robmeltzer@aol.com

reasonable medical testing protocol that satisfied the school's objectives (which are not

stipulated herein to be reasonable or necessary), she was suspended from her educational

program. The University has not only denied Plaintiff's requested accommodation to select

another testing method but has denied even that she is a person with a disability who is entitled

to an accommodation. It is noteworthy that the Boston University response to Plaintiff's simple

request has been "its way or the highway," rejecting the standard legal process of recognizing

and accommodating the needs of a person with a disability. The University's hostile response to

Plaintiff's rights violated the Americans with Disabilities Act. Boston University must be held

accountable for this unlawful action, including the deprivation of federal aid and funds that fuel

its operations.

<u>JURISDICTIONAL AUTHORITY OF THE COURT</u>

1) This action is brought pursuant to 28 U.S.C. §§ 1331 and 1343, and 28 U.S.C. §§

2201,2202, 42 U.S.C. §§ 12102 et seq. This Court has jurisdiction specifically delegated

to it by the United States Congress in the Americans with Disabilities Act. This action

seeks to redress the deprivation under federal law of rights, and the privileges, and

immunities secured by the United States Constitution and the laws of the United States.

<u>PARTIES TO THIS ACTION</u>

2) Plaintiff, Caitlin Corrigan, ("the Plaintiff") currently resides in Patchogue, New York.

She is currently a resident of the State of New York, after her suspension from Boston

University. She had previously been a resident of Boston, Massachusetts.



The Mountain States Law Group
COLORADO • MASSACHUSETTS • UTAH
IDAHO • WYOMING • WISCONSIN
info@mountainstateslawgroup.com

Robert N. Meltzer
*Attorney At Law*

33 Bradford Street
Concord, MA 01742
(978) 254-6289
robmeltzer@aol.com

3) Defendant, Boston University, is a non-profit institution with a principal corporate address at 606 Congress Street, Boston, Suffolk County in the Commonwealth of Massachusetts. It is a primarily privately-funded University.

## FACTUAL BACKGROUND TO THIS CLAIM

4) Plaintiff was a student at Boston University's School of Theology where she continued her studies until her status as a student at the University was suspended following Boston University's misconduct with regard to SARS-CoV-2 testing. She was barred from the campus as well as excluded from participating in classes remotely and locked out of the University's electronic network.

5) The suspension was invoked under the University- initiated policy with the stated but disputed objective of addressing the spread of SARS-CoV-2, the virus associated by some with Covid-19, among students, faculty, and staff. As one component of this new policy, all students, faculty, and staff were required to undergo testing for SARS-CoV-2 using one particular method of testing. This is known as "virus theater" or "virtue signaling," and it has no therapeutic benefit other than relieving the latent anxiety of frightened people.

6) The method selected was contraindicated as confirmed by Plaintiff's physicians as due to its potential and very real adverse effects on Plaintiff.

7) Plaintiff at all times relevant to this matter was not able to perform her major life functions in terms of impacting biological functions with substantial risk and, thus, Plaintiff is a person with a disability under the ADA.

8) Plaintiff was and is a qualified individual with a disability within the meaning of the

6

Robert N. Meltzer
*Attorney At Law*

33 Bradford Street
Concord, MA 01742
(978) 254-6289
robmeltzer@aol.com

ADA, as she was physically present in Boston and was otherwise qualified to participate in or benefit from the programs or services offered by Boston University. She is eligible for educational services provided by the University and, by virtue of her disability, is qualified for the protections of Title III of the ADA.

9) Defendant had apparently retained an unknown individual known as Dr. Wolf, a person of unknown qualifications or judgment, as its agent to review disability issues pertaining to Plaintiff was therefore required to ensure that Plaintiff, a qualified individual with a disability, was (i) afforded the opportunity to participate in the programs, services and activities offered by Boston University without being discriminated against and (ii) make reasonable modifications in policies, practices, or procedures when necessary to avoid disability-related discrimination.

10) Boston University is obligated under Title III of the ADA to accommodate students with disabilities, including adjusting those policies that have the effect of discriminating against students with disabilities attending the University.

11) Boston University receives substantial federal funding, meaning that Boston University must absolutely comply with the Americans with Disabilities Act and is within the scrutiny of federal authorities in its policies and practices.

12) Plaintiff advised Boston University of her disability and the proposed accommodation. This accommodation was to be tested using an alternate means to be agreed upon by Plaintiff, her physicians, and Boston University, as part of the mandated interactive process required under the ADA.

13) On October 14, 2021, Plaintiff received a Notice of University Suspension Due to Non-Compliance with Covid-19 Testing Mandate. Rejecting the professional conclusions from


The Mountain States Law Group
COLORADO • MASSACHUSETTS • UTAH
IDAHO • WYOMING • WISCONSIN
info@mountainstateslawgroup.com

Robert N. Meltzer
*Attorney At Law*

33 Bradford Street
Concord, MA 01742
(978) 254-6289
robmeltzer@aol.com

her physicians that the particular testing protocol would be harmful to Plaintiff (See, Exhibit A), the University refused to acknowledge Plaintiff's well-documented disability or to engage in an interactive process to determine an appropriate and reasonable accommodation, as required under the ADA.

14) Boston University, notified Plaintiff that if she could not receive one particular test, she would be considered to be non-compliant with the Testing Mandate, and would be suspended from the University. The University informed her that she could return to campus only after she consented to submit to a testing procedure that was likely to cause her serious harm, due to her disability.

15) Boston University created a circumstance in which Plaintiff was barred from participating in a major life function because she could not accept the one medical test demanded by Boston University over other, approved, testing regimens.

16) Boston University's conduct created a "de facto" disability, meaning that Plaintiff was disabled from her participation at Boston University not because of actual inability to function, but because of a regulation created by rule and which would terminate when the rule was terminated.

17) The FDA recognizes a number of testing protocols. The method demanded by Boston University was not by any means the only testing protocol authorized by the federal government for the purposes of the University's Covid Testing Mandate. (See, Exhibit B.) Plaintiff expressed her willingness to comply with the University's mandate utilizing another method of Covid testing, one that would not endanger her health but would yield the same quality of testing results.

18) The letter of October 14, 2021, from the University in response to Plaintiff's requested

8


The Mountain States Law Group
COLORADO • MASSACHUSETTS • UTAH
IDAHO • WYOMING • WISCONSIN
info@mountainstateslawgroup.com

Robert N. Meltzer
*Attorney At Law*

33 Bradford Street
Concord, MA 01742
(978) 254-6289
robmeltzer@aol.com

accommodation was simply that "… [compliance]… with Boston University's COVID-19 protocols applies to all members of the BU community, ***without exception***." No other testing options would be accepted by the University. In making this declaration, Boston University disregarded specific findings of the Department of Public Health which confirmed that an individual, even one with SARS-CoV-2, did not constitute a direct threat to the community and that providing the requisite accommodation would create an undue hardship to Boston University. In short, Dr. Wolf apparently pledged her allegiance to Boston University's policy, not the ADA.

19) Plaintiff does not refuse to be tested, but merely seeks an alternative method to achieve the same results. Without engaging in any kind of iterative process to reach an agreement on a reasonable accommodation, Boston University took it upon itself to reject the medical determination from Plaintiff's qualified treating physician sua sponte. It did not request any further information to confirm her physician's conclusions nor did it offer evidence that might counter his medical opinion in support of the University's policy. In so doing, the University declared itself beyond the legal reach of the ADA.

20) On November 5, 2021, Boston University affirmed the suspension after Plaintiff appealed the University's initial decision. Curiously, the denial of this Appeal followed no investigation or interactive process. (See, Exhibit C). As noted in the bottom of paragraph 2 of this document, Boston University took the position that its obligation to "accommodate" Plaintiff's disability and allow her to safely attend the University was limited to an offer to have a University physician (Dr. Wolf) demonstrate the anterior nares testing protocol…"

21) The arrogant response of University officials to Plaintiff's appeal simply dismissed the

9


The Mountain States Law Group
COLORADO • MASSACHUSETTS • UTAH
IDAHO • WYOMING • WISCONSIN
info@mountainstateslawgroup.com

Robert N. Meltzer
*Attorney At Law*

33 Bradford Street
Concord, MA 01742
(978) 254-6289
robmeltzer@aol.com

expertise and qualifications of Plaintiff's physician in recommending against the nares testing protocol. The University refused to acknowledge that Plaintiff is a person with a disability seeking a reasonable accommodation, instead arguing that Plaintiff was simply ignorant about the protocol and that her physician had failed to adequately explain it to her.

22) Under the law, it is not up to the University to determine whether Plaintiff has a disability, although it can request documentation to confirm Plaintiff's assertions about her physical condition. The University simply rejected without remark the evidence from Plaintiff's well-qualified treating physician, duly licensed and practicing in the Commonwealth of Massachusetts, disclosing that Plaintiff has a disability and would be harmed if coerced to undergo testing using the method mandated by the University's inflexible policy.

23) Had the University engaged in an ADA-compliant iterative process, officials could have weighed Plaintiff's physician's recommendation and her requested accommodation of using an alternative testing method that would provide the same results as the method mandated by Boston University. Such an accommodation would place no additional burden on the University but would allow Plaintiff to continue her studies without sacrificing her health. The duty to accommodate would include investigating alternative testing protocols and recommending an alternative one. Curiously, the November 5, 2021 denial of Plaintiff's appeal stated only that the use of a different FDA-authorized testing protocol (a saliva test) "does not constitute a reasonable accommodation…", without explaining why this readily available alternative was unreasonable. This conclusory objection does not constitute engagement in an iterative process but instead expresses the

10

The Mountain States Law Group
COLORADO • MASSACHUSETTS • UTAH
IDAHO • WYOMING • WISCONSIN
info@mountainstateslawgroup.com

Robert N. Meltzer
*Attorney At Law*

33 Bradford Street
Concord, MA 01742
(978) 254-6289
robmeltzer@aol.com

University's unwillingness to fairly assess the reasonableness of Plaintiff's proposed accommodation.

24) The November 5, 2021 denial of Plaintiff's accommodations request denied Plaintiff the opportunity to even engage in a process to reach an agreement on a reasonable accommodation. As a matter of law, the University must engage in such an iterative, interactive process and cannot rely on its own unsubstantiated rejection to suffice as a considered evaluation of her proposed accommodation.

25) On November 17, 2021, frustrated with the stonewalling from the university officials, Plaintiff, through counsel, sent a letter to the President of Boston University (as permitted by the grievance procedure) asking for a more appropriate process for addressing Plaintiff's request for an accommodation, as permitted by Boston University's grievance policy. (Exhibit D, with permission to apply to the president highlighted). Plaintiff provided a series of questions that should be addressed in a meaningful process as required under the ADA to reach accommodations that would allow Plaintiff to attend the University safely. In particular, Plaintiff sought a basis for the University's insistence on one FDA-authorized test over any other, in the absence of any evidence to support that insistence. The questions in Exhibit D express the factual issues that will be adjudicated in this case in any event

26) The only response the University provided to Plaintiff's detailed request for a more flexible iterative process was a demand that her counsel refraining from sending letters to the President. The University did not provide any factual or policy basis for rejecting her accommodation request and effectively cut off any recourse to further deliberation by the University.

The Mountain States Law Group®
COLORADO • MASSACHUSETTS • UTAH
IDAHO • WYOMING • WISCONSIN
info@mountainstateslawgroup.com

Robert N. Meltzer
*Attorney At Law*

33 Bradford Street
Concord, MA 01742
(978) 254-6289
robmeltzer@aol.com

27) The final appeal was denied on January 6, 2022, see, Exhibit E. The University asserted in this final decision only that its November 5, 2021 denial letter, which addressed none of the relevant issues but simply denied Plaintiff's disability and request for accommodation. In addition to corrupting the concept of reasonable accommodations by substituting its own policy for "reasonableness," the University engaged in the obfuscation method popularly recognized as "gaslighting." Using this method, the University posits an obvious falsehood as the simple and obvious truth, with the intention of making Plaintiff doubt his or her sanity and intellectual capacity. Although the November 17, 2021 letter sent to the President of Boston University specifically requested engagement with Defendant in an iterative process as required under the ADA, the University's response was to simply claim that no interactive process would occur because the University's position was self-evidently reasonable. The University's unilateral decision-making was substituted for the required process to reach a reasonable accommodation.

28) It is expected at deposition and trial, when the questions raised on November 17, 2021, are put to Boston University officials under oath for an explanation that the statements in the November 5, 2021, letter are demonstrably unsupportable, lazy, and meaningless, as most gaslighting statements usually are revealed to be under the glare of courtroom scrutiny.

29) On January 21, 2022, counsel for Boston University acknowledged that the appeals process "has been exhausted." (Exhibit F) There was to be no interactive process and the University would simply discriminate against a student with a disability, with no offer of accommodation.

The Mountain States Law Group
COLORADO • MASSACHUSETTS • UTAH
IDAHO • WYOMING • WISCONSIN
info@mountainstateslawgroup.com

Robert N. Meltzer
*Attorney At Law*

33 Bradford Street
Concord, MA 01742
(978) 254-6289
robmeltzer@aol.com

30) The recent case of <u>Rivera v. Altranais Home Care LLC</u> 19 cv 30139, in the US District Court for the District of Massachusetts, with a thoughtful decision by Magistrate Judge Robertson dated January 18, 2022, affirms that the obligation of the interactive process is alive and well in ADA doctrine, and the question of whether the process was followed is one of fact for the finder of fact.

31) Under the doctrine of <u>Rivera,</u> the interactive process would have included demonstrably more information about Boston University's testing policy, which would have provided Plaintiff and her physician an opportunity to review and respond to the concerns of Boston University. Although the informed opinion of Plaintiff's physician may not be determinative for resolving the outstanding issue, the bald assertions of Boston University employees do not constitute a careful consideration of Plaintiff's accommodations request nor do they allow for an interactive exchange between medical professionals and between Plaintiff and Defendant.

32) The questions posited to Boston University in the lengthy November 17, 2021 letter to Boston University's President reflect the very basic questions that one would expect to be addressed in an interactive process. In refusing to address these basic questions, Boston University effectively and emphatically refused to engage in any process whatsoever to arrive at a reasonable accommodation.

### COUNT I
### (VIOLATION OF THE AMERICANS WITH DISABILITIES ACT)
### (DEJURE DISABILITY)

33) Plaintiff restates paragraphs 1-32 and specifically incorporates them herein.

34) Title III of the Americans with Disabilities Act ("ADA") mandates that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of



The Mountain States Law Group®
COLORADO • MASSACHUSETTS • UTAH •
IDAHO • WYOMING • WISCONSIN
info@mountainstateslawgroup.com

Robert N. Meltzer
*Attorney At Law*

33 Bradford Street
Concord, MA 01742
(978) 254-6289
robmeltzer@aol.com

the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12172(a).

35) Further, the ADA bans the particular actions of Boston University and its employees: "An individual or entity shall not, directly or through contractual or other arrangements, utilize standards or criteria or methods of administration…that have the effect of discriminating on the basis of disability. 42 U.S.C. § 12172(b)(D)(i).

36) Under the ADA, discrimination against a person with a disability exists when "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations…" 42 U.S.C. § 12182(b)(2)(A)(ii).

37) Plaintiff has a disability as defined under the ADA because she has "a physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1)(a). An impairment that substantially limits one major life activity need not limit other major life activities in order to be considered a disability.

38) Plaintiff has requested a simple accommodation, as recommended by her treating physician after a review of her medical history and current condition. Without objecting to the University's Covid Testing Mandate as such, Plaintiff has requested the use of an alternative method for Covid testing that is authorized by federal regulations rather than that specific testing method required by the University. The Covid testing method

The Mountain States Law Group
COLORADO • MASSACHUSETTS • UTAH
IDAHO • WYOMING • WISCONSIN
info@mountainstateslawgroup.com

Robert N. Meltzer
*Attorney At Law*

33 Bradford Street
Concord, MA 01742
(978) 254-6289
robmeltzer@aol.com

required by the University is but one of several Covid testing methods authorized under federal regulations. The Covid testing method required by the University is likely to cause serious physical harm to Plaintiff, in the opinion of and as documented by Plaintiff's treating physician.

39) Providing an accommodation as requested by Plaintiff would not require Defendant to fundamentally alter the nature of the activities of the University or present an undue burden on the University, while providing the same information that could be gathered through the University's required testing method.

40) Under the ADA, Boston University is required to provide an accommodation to the Plaintiff that reasonably achieves the same goals as under the required policy, but which does not present potential harm to Plaintiff in light of her disability. Plaintiff has proposed a reasonable alternative to the Covid testing method mandated by Boston University which was simply ignored.

41) Defendant has offered no alternative accommodation to the one proposed by Plaintiff and has refused to engage in any interactive process to reach an accommodation that will protect the health of Plaintiff while also meeting the requirements of the University under its Covid Testing Mandate. Defendant has demanded that Plaintiff simply accept a harmful testing regimen over the objections of Plaintiff and her physician without Under the ADA, Defendant must demonstrate that a person with a disability poses a significant risk of substantial harm to the health or safety of others in the school environment if provided a requested accommodation. Defendant here cannot successfully support a defense that Plaintiff presents a unique threat to the health or safety of others

The Mountain States Law Group
COLORADO • MASSACHUSETTS • UTAH
IDAHO • WYOMING • WISCONSIN
info@mountainstateslawgroup.com

Robert N. Meltzer
*Attorney At Law*

33 Bradford Street
Concord, MA 01742
(978) 254-6289
robmeltzer@aol.com

42) Although Plaintiff is unable to comply with the University's Covid Testing Mandate without accommodation, the Defendant denied her the requested accommodation without offering her an alternative and suspended her registration as a student at Boston University.

43) Under the ADA, Defendant must demonstrate that a person with a disability poses a significant risk of substantial harm to the health or safety of others in the school environment if provided a requested accommodation. Defendant here cannot successfully support a defense that Plaintiff presents a unique threat to the health or safety of others because the requested accommodation presents no risk of harm to the health and safety of others in the school environment if provided.

44) At no time did any individual with any competence or understanding of the medical issues make any effort to engage with Plaintiff to better understand the specific medical issues or the impact on Plaintiff in light of her disability if she were to agree to the required testing method. Defendant made no alternative offer of accommodation, in concert with participation by Plaintiff, through the interactive process mandated by the ADA.

45) The proposed accommodation was not intended to exempt Plaintiff from compliance with the University's rules or regulations, but instead as a means to comply with University rules while also safeguarding her own health and well-being as a person with a disability. The proposed accommodation would have no potential impact on any viable public health objective underlying the University policy.

46) As a result of this failure by Boston University, Plaintiff was denied her right of access required by the Americans with Disabilities Act and was otherwise harmed by being


The Mountain States Law Group
COLORADO • MASSACHUSETTS • UTAH
IDAHO • WYOMING • WISCONSIN
info@mountainstateslawgroup.com

Robert N. Meltzer
*Attorney At Law*

33 Bradford Street
Concord, MA 01742
(978) 254-6289
robmeltzer@aol.com

suspended from her educational program and barred her even from participating in

University programs remotely.

### COUNT II
#### (VIOLATION OF THE AMERICANS WITH DISABILITIES ACT)
#### (DECLARATORY JUDGMENT)

47) Plaintiff restates paragraphs 1-46 and specifically incorporates them herein.

48) Plaintiff had been otherwise qualified to participate in her educational program at Boston

University without limitations or any need for additional accommodation.

49) Boston University's inflexible Covid testing policy itself had the effect of discriminating

against Plaintiff and preventing her from pursuing her academic course of study.

50) Boston University created the testing policy in blatant disregard to the obvious fact that

the policy would not be safe for all students, and yet created no exemptions even for

students with a variety of disabilities, including the disability suffered by Plaintiff.

51) Any problem that Boston University can create which creates disability obligates Boston

University under federal law to remediate its own misconduct.

52) Any disability created under the Americans with Disabilities Act was, therefore, a result

of Boston University's action, not a preexisting de jure disability; by definition, it is the

testing policy itself that leads to disability, and that would evaporate with the termination

of the policy or exemption to it.

53) This de facto disability, in which Boston University first acted, then discriminated, is

viewed under a higher standard of review, as opposed to "reasonable accommodation."

54) Boston University cannot show that that it is within its rights to cause harm, much as a

landowner cannot place booby traps to ensnare a trespasser.



Robert N. Meltzer
*Attorney At Law*

33 Bradford Street
Concord, MA 01742
(978) 254-6289
robmeltzer@aol.com

55) Boston University cannot show that its extreme policy represented any kind of compelling need, as the University is an urban university in which students are out in public and not under the control of Boston University even as they walk from a test site to the classroom; Boston University's policy is nothing more than virus-theater.

56) Even if a compelling public health need existed, and even if Boston University had superintendency power to act, both of which Plaintiff denies, and which it is Boston University's obligation to prove at trial, there was no nexus between the University's need and the extreme policy as crafted.

57) Even if a compelling public health emergency existed, and even if the University had superintendency power to act, and even if there was a nexus between the public need and the policy as crafted, all of which Plaintiff denies, and it Boston University's obligation to prove at trial, the policy was not narrowly tailored to meet the nexus, as the policy was overly broad in the equivalent of using a meat cleaver to split a grape.

58) Even if a compelling public health emergency existed, and even if Boston University had superintendency power to act, and even if there was a nexus between the public need and the policy as crafted, and even if the policy was narrowly tailored to meet the nexus, all of which Plaintiff denies, and it is the University's obligation to prove at trial, the policy was still invalid in that it was wildly under inclusive, as it was aimed at a particularly narrow medical issue, and did not represent a purposeful health measure aimed at more dire medical circumstances. As was recently noticed in Logan Albright's recent book, Conform or be Cast Out, p. 151, "the amount of lives we could save by taking swift and decisive action to ban cars, planes, pools, sports, pets, stairs, hamburgers, sex, beer, cigarettes, electricity, and pillows, is incalculable. The reason we don't ban those things

18

The Mountain States Law Group
COLORADO • MASSACHUSETTS • UTAH
IDAHO • WYOMING • WISCONSIN
info@mountainstateslawgroup.com

Robert N. Meltzer
*Attorney At Law*

33 Bradford Street
Concord, MA 01742
(978) 254-6289
robmeltzer@aol.com

comes from a recognition that life is inherently risky, and a life which minimized every conceivable danger would not be one worth living."

59) The University's policy of an exemption-free testing protocol that provides no possibility of accommodation for students with disabilities is illegal, unconscionable, and factually unsupportable. The most reasonable and readily achievable accommodation for Plaintiff that would allow her to participate as a student at Boston University is to simply allow another method of testing to achieve the same results as the single Covid testing method mandated under University policy.

60) Plaintiff has been harmed by denial of access under the Americans with Disabilities Act based upon University action, creating de facto disability.

61) By denying Plaintiff her access rights protected by law, Plaintiff has been harmed.

62) Plaintiff requests declaratory judgment that Defendant's strict Covid testing policy as implemented at the University violates Title III of the ADA.

### COUNT III
### (VIOLATION OF THE AMERICANS WITH DISABILITIES ACT)
### (DEJURE DISABILITY)
### (DECLARATORY JUDGMENT OF UNENFORCEABILITY)

63) Plaintiff restates paragraphs 1-62 and specifically incorporates them herein.

64) Boston University violated the Americans with Disabilities Act by refusing to offer any accommodation at all.

65) Boston University violated the Americans with Disabilities Act by refusing to engage in a meaningful interactive process.

66) Boston University violated the Americans with Disability Act by willfully refusing to engage in a fair and open process, and by structuring a non-participatory appeals process that was arbitrary, capricious and designed to hinder and delay.



The Mountain States Law Group
COLORADO • MASSACHUSETTS • UTAH
IDAHO • WYOMING • WISCONSIN
info@mountainstateslawgroup.com

Robert N. Meltzer
*Attorney At Law*

33 Bradford Street
Concord, MA 01742
(978) 254-6289
robmeltzer@aol.com

66. As a result of this conduct, Plaintiff has been harmed in a manner which not only requires equitable remedy but financial damages, as well in an amount to be determined at trial.

WHEREFORE, Plaintiff does pray and request as follows:

1. That the Court declare that Defendant violated Plaintiff's rights as a person with a disability under the Americans with Disabilities Act by denying her reasonable accommodation request and refusing to engage in an interactive process to secure an alternative accommodation that would permit Plaintiff to continue as a student at Boston University.

2. Order Defendant or others so situated to accept Plaintiff's proposed accommodation or in the alternative to engage in a truly interactive process with Plaintiff to secure a reasonable accommodation that meets the needs of Plaintiff without undue burden to the University.

3. Find that Defendant's Covid testing policy as implemented at Boston University is void and unenforceable as a matter of law because it violates the specific requirements of the Americans with Disabilities Act.

4. That this Court award Plaintiff her damages, costs, and attorney's fees in an amount to be determined; and

5. Any other relief deemed appropriate by this Court.

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE


The Mountain States Law Group®
COLORADO • MASSACHUSETTS • UTAH
IDAHO • WYOMING • WISCONSIN
info@mountainstateslawgroup.com

Robert N. Meltzer
*Attorney At Law*

33 Bradford Street
Concord, MA 01742
(978) 254-6289
robmeltzer@aol.com

Respectfully Submitted,

**Caitlin Corrigan**

By her attorney,

Robert N. Meltzer, BBO #564745
The Mountain States Law Group
Wheelhouse at the Bradford Mill
33 Bradford Street
Concord, MA 01742
Phone: (978) 254 6289
inbox@mountainstateslawgroup.com

Dated: March 22, 2022