IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAITLIN CORRIGAN, )<br>)<br>Plaintiff )<br>) | |
| v. ) | DOCKET NO: 22-cv-10443-DJC |
| )<br>TRUSTEES OF BOSTON UNIVERSITY, )<br>)<br>Defendants ) | |

**PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER OF OCTOBER 19, 2022 AND TO ALTER OR AMEND THE JUDGMENT PURSUANT TO F.R.C.P. 59(e) AND REQUEST FOR REHEARING**

The Plaintiff moves that this Court reconsider its Order of October 19, 2022 granting the Defendant's Motion to Dismiss and for alteration of the Order of Judgment under F.R.C.P. 59(e). A Motion for Reconsideration or for alteration under F.R.C.P. 59(e) is appropriate when the party can identify "any error of law or fact in the court's…decision." Ofori v. Ruby Tuesday, Inc., 205 F. App'x 851, 852-53 (1st Cir. 2006).

In this case, reconsideration is necessary, as the Court based its decision to dismiss Plaintiff's case based entirely on a specific discernable error of fact, contradicting Defendant's own document submitted to this Court. Reconsideration is also necessary based on a clear error of legal application arising out of the error of fact--that the Court's function on a motion to dismiss under Rule 12(b)(6) is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985). Instead, the Court granted the Motion to Dismiss under Rule

12(b)(6) by adopting as true a conclusion not supported neither by statements in the Plaintiff's Complaint nor by any documents submitted by Boston University for the Court's consideration.

Specifically, Boston University, in its Motion to Dismiss, provided the Court with a document identified on the docket as 12-3, dated May 10, 2022. In that document, Boston University wrote that "BU will discontinue asymptomatic testing for Covid-19…**Testing** for BU community members with symptoms or who have been in close contact with infected people *will continue*…" This statement is internally inconsistent, stating that the University will "discontinue asymptomatic testing for Covid-19" while also stating that asymptomatic testing for those "who have been in close contact with infected people will continue." (emphasis added). In any event, the internal inconsistency, which is another way of saying ambiguity, requires a reading in favor of the Plaintiff and against the Defendant, which was the drafter.[1]

Exhibit E to the Complaint was a letter dated January 6, 2022 from Boston University to the Plaintiff, stating, in the final paragraph, that the Plaintiff's suspension would be lifted if she agreed "to comply with the University's testing protocol such that you will be able to join the University as a member of our community." In short, if she cannot comply with the University's Covid-19 policies, compliance that is impossible given Plaintiff's disability, her suspension remains in effect. But on May 10, 2022, Boston University re-affirmed its mandatory Covid-19 testing program, stating explicitly that testing "will continue." Thus, since the policy still does not allow for exemptions, the Plaintiff cannot comply and her suspension remains in place. The policy continues, so her suspension continues. This case is not moot.

---

[1] The Plaintiff's Complaint was filed on March 23, 2022. On April 25, 2022, counsel for Boston University appeared. On May 10, 2022, Boston University issued the document identified as 12-3. If Boston University, represented by counsel, meant for the document to state unambiguously that the mandatory testing protocol had been terminated, it could have been so-stated and the document would not have said "testing…will continue."

Notwithstanding that Boston University has stated that its policies "will continue" and that compliance is necessary for attendance, which is what barred the Plaintiff from school attendance in violation of her ADA rights, the Court wrote on page 7 of its Order of October 19, 2022, at the end of the first paragraph, "with the termination of BU's mandatory testing program, 'there is no ongoing conduct to enjoin'." Yet in providing the May 10, 2022 document to the Court, Boston University has explicitly told this Court that its "mandatory testing program" "will continue." In issuing its Order, which denies the Plaintiff her federally protected rights as a disabled person, the Court not only rejected the Plaintiff's pled assertion that her claim continued to be valid, but the Court also rejected or misinterpreted the explicit language of the May 10, 2022 Boston University document. The Court did not comply with Rule 12(b)(6), making an erroneous factual finding within a Motion to Dismiss process. This factual error taints the entire decision after page 7.

The Court had actual knowledge not only that the mandatory testing policy, without exception, "will continue," but also that the policy was continuing in express violation of the ADA. The Court's error in basing its determination on a factual error that the testing program had been terminated, disregarding even Boston University's own statement that "testing…will continue," caused a gross inequity. The Court has denied Plaintiff her rights under the ADA, her rights to participate in discovery, her right to potentially amend her Complaint following discovery and to seek damages, and authorized ongoing ADA violations by Boston University. Federal law fully recognizes and enshrines the ancient legal doctrine of Ubi Just, Ibi Remedium- where there is a wrong, there **must** be a remedy. The error of the Court in declaring that a program that is clearly continuing to have "terminated" not only unjustly denies the Plaintiff of her rights, but denies the very concept of rights.

The Court should reconsider its Order, and provide a rehearing on this matter.

Respectfully Submitted,

**Caitlin Corrigan**

By her attorney,

/s/Robert N. Meltzer_____
Robert N. Meltzer, BBO #564745
The Mountain States Law Group
Wheelhouse at the Bradford Mill
33 Bradford Street
Concord, MA 01742
Phone: (978) 254 6289
inbox@mountainstateslawgroup.com

and.

/s/Mary Holland_____
Mary Holland, Esq.
mary.holland@childrenshealthdefense.org
Robert F. Kennedy, Jr. Esq.
Rfk.assitant@childrenshealthdefense.org
Children's Health Defense
852 Franklin Ave. Suite 511
Franklin Lakes, NJ 07417
Phone: 202-854-1310

November 4, 2022

CERTIFICATE OF COMPLIANCE WITH LR 7.1

I hereby certify that I have conferenced this matter with Defendant's counsel, that the respective position of the parties was fully expressed, and that the parties were unable to resolve or narrow the issue raised in this motion

/s/Robert N. Meltzer_____