IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAITLIN CORRIGAN,<br><br>          Plaintiff,<br><br>     v.<br><br>TRUSTEES OF BOSTON UNIVERSITY<br><br>          Defendant. | DOCKET NO: 22-cv-10443-DJC |

**OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER OF OCTOBER 19, 2022 AND TO ALTER OR AMEND THE JUDGMENT PURSUANT TO F.R.C.P. 59(e) AND REQUEST FOR REHEARING**

On November 4, 2022, Plaintiff moved this Court to reconsider its October 19, 2022 Order granting Defendant's Motion to Dismiss and to alter the Order of Judgment in this matter, both pursuant to Fed. R. Civ. P. 59(e) ("Motion to Reconsider"). Plaintiff also requested a new hearing on the same. The basis of Plaintiff's Motion to Reconsider is that the Court purportedly based its decision to dismiss the Complaint under Rule 12(b)(6) on an error of fact.

This is a spurious request, and the Court should deny the Motion for the reasons stated below.

First, the premise of the Motion is off-base given that the Court's Order granting BU's Motion to Dismiss was based on BU's motion to dismiss under Rule 12(b)(1) *only*. The Court explicitly did *not* rule on BU's motion to dismiss the case under Rule 12(b)(6), which was made plain in footnote 1 of the Order.

Second, Plaintiff has already been heard on the substantive points raised in the Motion to Reconsider, and she is not entitled to a second bite at the apple. Motions under Fed. R. Civ. P. 59(e) are to be made sparingly: "a party cannot use a Rule 59(e) motion to rehash arguments previously rejected or to raise ones that could, and should, have been made before judgment

1

issued." Soto-Padro v. Pub. Bldgs. Auth., 675 F.3d 1, 9 (1st Cir. 2012). At the September 28 hearing, Plaintiff presented her view – based on a crabbed and tortured interpretation of BU's documentation announcing the end of the mandatory testing program challenged in the Complaint – that BU is supposedly running *another* compulsory COVID-19 testing program for students, and that this "program" would allegedly infringe her rights in the same way as the mandatory testing program she challenged in the actual Complaint. This is a complete fabrication; there is zero evidence to support such an interpretation or that any such "program" exists. This argument was considered and rightly dismissed by the Court as complete nonsense, and Plaintiff is not entitled to raise the issue *again* at this point.

For these reasons, the Court should deny Plaintiff's Motion to Reconsider the October 19 Order in this matter.

Respectfully submitted,

TRUSTEES OF BOSTON UNIVERSITY,
By its attorney,

Jennifer C. Pucci (BBO #669823)
jcpucci@bu.edu
Boston University
Office of the General Counsel
125 Bay State Road
Boston, MA 02215
(617) 353-2326

Dated:   November 14, 2022

## CERTIFICATE OF SERVICE

      I, Jennifer C. Pucci, hereby certify that this document, filed through the PACER system on November 14, 2022, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                              Jennifer C. Pucci